# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PETER ALLAN, SR., *also known as Peter Allan George*,

        Defendant.

**ORDER**
Criminal File No. 99-50 (MJD/TNL)

Jeffrey Paulsen, United States Attorney's Office, Counsel for Plaintiff.

Peter Allan, Sr., pro se.

## I. INTRODUCTION

This matter comes before the Court on Defendant Peter Allan, Sr.'s Motion to Set Aside Plea Pursuant to Rule 11 [Docket No. 108] and Motion to Recuse [Docket No. 109].

## II. BACKGROUND

The Background in this case is set out in detail in the Court's previous orders. [Docket Nos. 102 & 107.] In 2000, this Court sentenced Defendant to 108 months in prison and three years of supervised release after he pled guilty to

1

distribution of a controlled substance and distribution of a controlled substance with intent to commit a crime of violence.  Defendant did not appeal his sentence.  He was released from prison in 2007.  While under supervised release, Defendant was civilly committed by the State of Minnesota after he was designated as a "sexually dangerous person" and as a "sexual psychopathic personality."  (See Opposition of United States to Defendant's Motion for Federal Vacation of State Civil Commitment, Ex. A at 74 [Docket No. 67-1].)  That determination was based on evidence indicating that Defendant had engaged in a pattern of drugging and raping women.

On August 28, 2009, this Court granted Defendant's own motion for revocation of his supervised release.  Initially the Court ordered that Defendant serve a 24 month term which was to be served concurrently with Defendant's indefinite civil confinement at Moose Lake Regional Treatment Center.  The Court was later informed that the Moose Lake facility could not be designated as an acceptable facility for a federal prisoner's imprisonment.  The Court, in an order dated September 14, 2009, amended its judgment to state that the 24 month sentence would be served "consecutively to an indefinite term of Defendant's

civil commitment in the Minnesota Sex Offender Program ["MSOP"] located in Moose Lake, Minnesota pursuant to 18 U.S.C. § 3584." [Docket No. 88.]

In October 2010, Defendant brought a petition for a writ of mandamus to compel federal officials to take him into federal custody. [Docket No. 91.] In an order dated January 7, 2011, the Court denied Defendant's petition and deemed it "legally frivolous." [Docket No. 102.] In January 2012, the Court denied a similar request which Defendant advanced in a self-styled "Unopposed Motion to Transfer Peter Allan to Federal Custody." [Docket No. 107.]

Defendant once more seeks to challenge his civil commitment in the State of Minnesota by seeking relief from this Court. He has moved to withdraw his guilty plea, and he has separately requested that the undersigned recuse from this case.

## III. DISCUSSION

### A. Rule 11 Motion

"After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). The Eighth Circuit has made clear that such a withdrawal may be allowed only where its denial would result in "a

3

fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (citation omitted).

Here Defendant argues that the Government failed to uphold its obligations under his plea agreement. Specifically, he argues that the Government "violated the terms of the plea agreement [by] not allowing him to complete his sentence to the said plea agreement." In other words, he argues that the Federal government is responsible for his current civil commitment in Minnesota. He does not allege, however, that the plea agreement indicated that the Government would or could protect him from state civil commitment proceedings. As the Government has noted, the State of Minnesota is a separate sovereign which has independent jurisdiction over Defendant. Minnesota has committed Defendant for reasons beyond the scope of this case. The Court discerns no violation of the plea agreement resulting from Defendant's civil commitment by the State of Minnesota or by any action of the Government in this case. The Court will therefore deny Defendant's motion to withdraw his plea under Rule 11.

**B. Recusal Motion**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Defendant asserts that the undersigned has "bias or prejudice" toward him.

Defendant first accuses the Court of "breach of a binding agreement," referring to his plea agreement with the Government. Although the Court has determined that no breach has occurred, the Court further notes that it is not a party to the plea agreement. Defendant's other alleged evidence of prejudice or bias relates to the Court's rulings with respect to his civil commitment and his violation of the conditions of his supervised release. He notes that the Court sentenced him to a twenty-four month prison term consecutive to his current civil commitment. That sentence was imposed after Defendant, <u>on his own motion</u>, moved the Court to find him in violation of the terms of his supervised release.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). The mere fact that the Court's rulings have not been in Defendant's favor does not show

that the Court has acted with bias or prejudice toward him. Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. To the extent that the undersigned has formed any opinions in this case or about Defendant, those opinions have not led to antagonism toward Defendant. At each step, the Court has sought to fairly apply the law to Defendant's case. The Court considers carefully every motion for recusal. Finding no basis for recusal in this case, the Court will deny Defendant's motion.

Accordingly, based upon the files and records herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Plea Pursuant to Rule 11 [Docket No. 108] and Motion to Recuse [Docket No. 109] are **DENIED**.

Date: July 31, 2012     s/ Michael J. Davis
                        Michael J. Davis
                        Chief Judge
                        United States District Court